IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUTH ANN JOHNSTON

            Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security

            Defendant.

No. 03:10-CV-6175-HZ

OPINION & ORDER

Kathryn Tassinari
Robert A. Baron
HARDER, WELLS, BARON & MANNING
474 Willamette, Suite 200
Eugene, OR 97401

        Attorneys for Plaintiff

1 - OPINION & ORDER

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

David J. Burdett
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

       Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Ruth Ann Johnston brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

       Plaintiff filed for DIB on November 15, 2005, alleging an onset date of September 29, 2005. Tr. 144. Her application was denied initially and on reconsideration. Tr. 110-14, 116-19. On January 18, 2008 and again on May 8, 2009, plaintiff appeared for a hearing before an Administrative Law Judge (ALJ). Tr. 19-107. On May 30, 2008, the ALJ found plaintiff not disabled. Tr. 6-18. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on her impairments of diabetes and fibromyalgia[1]. Tr. 159, 221. At the time of the hearing, she was forty-seven years old. Tr. 22. She is a high school

---

[1] The diagnosis was originally one for lupus. Tr. 317

graduate and completed some college courses. Tr. 163, 367. Because the parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

3 - OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform "past relevant work", the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ determined that plaintiff's date of last insured (DLI) was December 31, 2010[2]. Tr. 9. At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 11. Next, at step two, the ALJ determined that plaintiff had the severe impairments of fibromyalgia, diabetes mellitus, obesity, costochonditis, tendinitis, bursitis, torn meniscus of the right-knee status post arthroscopic meniscectomy, chondromalacia, depression, and a history of physical abuse as an adult. Id. As part of that determination, the ALJ considered the medical evidence and plaintiff's hearing testimony. Tr. 11-14. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Id.. Next, the ALJ determined that plaintiff had a light exertion residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 40 minutes at a time for a total of three to four hours in an

---

[2] According to the record, plaintiff's DLI is December, 31, 2009. Tr. 165.

4 - OPINION & ORDER

eight-hour day; sit 45 minutes at time for a total of six hours in an eight-hour day, with an opportunity to change positions; prohibited from climbing ladders and scaffolds; limited to occasional climbing of stairs, negotiating of ramps, balancing, stooping, kneeling, crouching, and crawling; unable to follow complex or detailed instructions; unable to interact appropriately with the general public other than occasionally; unable to engage in ongoing, interactive, cooperative, teamwork endeavors; and limited to predictable work tasks. Tr. 12. The ALJ also determined a sedentary RFC that was similar to the light exertion RFC, with the additional limitation of occasional firm grasping and repetitive manipulation. Tr. 15. At step four, the ALJ found that the plaintiff could not return to her past relevant work as a cashier, retail sales associate, and assistant manager. Tr. 16. At step five, the ALJ concluded that the plaintiff was not disabled. Tr. 17. Considering plaintiff's age, education, work experience, and light exertion RFC, the ALJ found that plaintiff could perform work as an assembler or software sorter. Id. For the sedentary RFC, the ALJ found that plaintiff could perform work as an optical goods worker or surveillance system monitor. Id.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d

1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred in concluding the she was not disabled.  Specifically, she contends that the ALJ (1) failed to give clear and convincing reasons for rejecting plaintiff's testimony regarding her pain and limitations, (2) failed to give clear and convincing reasons for rejecting the opinion of Dr. Mark Litchman, (3) failed to properly credit the opinion of Dr. Pamela Joffe, and (4) erred in finding that the Commissioner met his burden of proving that plaintiff can perform work in the national economy.  In response, defendant argues that the case should be remanded for additional proceedings so that the ALJ can reconsider all the medical evidence, with special attention to plaintiff's ability to respond appropriately to work pressures, and to reconsider the credibility of plaintiff's testimony.  Def.'s Resp. Br. 4-5.

Plaintiff first argues that the ALJ erred by rejecting Dr. Litchman's opinion that plaintiff would miss work more than two days a month.  Pl.'s Br. 16.  Social security law recognizes three types of physicians:  (1) treating, (2) examining, and (3) nonexamining.  Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citing Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)).  Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant.  Id. at 1202.  If the treating physician's opinion is not contradicted, the ALJ may reject it only for "clear and convincing" reasons.  Widmark v.

6 - OPINION & ORDER

Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

In November 2006, Dr. Litchman noted that plaintiff was capable of light work, which was explicitly defined as missing less than two days per month.  Tr. 290.  However, on the same form, Dr. Litchman contradicted himself by noting that plaintiff would miss more than two days per month.  Id.  Later in January 2008, Dr. Litchman noted that plaintiff would miss work about three times per month due to her impairments.  Tr. 364.  The ALJ rejected that plaintiff would miss three days of work per month by specifically citing to  Dr. Litchman's following treatment notes by.  Tr. 15.

- May 9, 2007 - "Patient's pain syndrom is markedly improved since switching to OxyContin".  Tr. 309.
- August 21, 2007 - Plaintiff's pain "is pretty well managed with her present medical regimen".  Tr. 348.
- November 15, 2007 - Plaintiff's fibromyalgia is "relatively stable".  Tr. 346.

A conflict in treatment notes may justify a decision to not give the treating physician's opinion controlling weight.  Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001).  If the rejection of Dr. Litchman's opinion is solely based on these treatment notes, I do not find that this is clear and convincing evidence.  If there were other considerations that led the ALJ to reject Dr. Litchman's opinion that plaintiff would miss three days per month, the ALJ needs to articulate those reasons.

Plaintiff also argues that the ALJ erred by not including all of Dr. Joffe's limitations in plaintiff's RFC.  Pl.'s Br. 18.  Dr. Joffe, an examining psychologist, observed that plaintiff has a marked limitation to respond appropriately to work pressures in a usual work environment.  Tr. 374.  Defendant agrees that the case should be remanded so that this potential limitation may be analyzed further.  Def.'s Resp. 4.  In determining a claimant's RFC, an ALJ must assess all the

7 - OPINION & ORDER

relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. See 20 C.F.R. § 416.945(a). The ALJ states that he included this limitation of responding to work pressures in both the light and sedentary RFCs. Tr. 14. The hypothetical that an ALJ poses to a VE to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). An RFC that fails to take into account a claimant's limitations is defective. Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). I do not find that either of the ALJ's RFCs incorporates this limitation, nor does the ALJ provide any reason for rejecting this part of Dr. Joffe's opinion. This omission is legal error.

Plaintiff argues that the case should be remanded with an award of benefits. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "'(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited.'" Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the record is unclear as to whether the limitation of responding to work pressures was adequately presented to the VE. The discussion on this limitation morphed into a discussion on plaintiff's ability to pay attention and concentrate, and then into a discussion about the number of days plaintiff would miss per month. Tr. 92-106. In instances where the VE has not offered evidence regarding the vocational options, if any, when all of a claimant's limitations are presented to the VE, an award of benefits is inappropriate. Harman, 211 F.3d at 1180 (noting that "[i]n cases where the testimony has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). The matter must be remanded for further proceedings addressing the improperly evaluated evidence of Dr. Joffe. If necessary, the ALJ must also reconsider plaintiff's testimony to make a specific finding on credibility, revise the RFC analysis, and apply the correct medical-vocational guideline or obtain VE testimony regarding plaintiff's workplace limitations.

///

///

///

///

CONCLUSION

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.


Dated this  9th   day of August, 2011

                                        /s/ Marco A. Hernandez
                                       Marco A. Hernandez
                                       United States District Judge